**Dominick BERARDINELLI d/b/a Don Berard Associates, Plaintiff-Appellant,**

v.

**CASTLE & COOKE INC., a corporation, Oceanic Properties Inc., a corporation, and The Sea Ranch Sales Company, a corporation, Defendants-Appellees.**

No. 76–3640.

United States Court of Appeals, Ninth Circuit.

Nov. 30, 1978.

John R. Murtha, of Eckhoff, Hoppe, Slick, Mitchell & Anderson, San Francisco, Cal., for plaintiff-appellant.

Louis E. Wolcher, of Pettit, Evers & Martin, San Francisco, Cal., for defendants-appellees.

Before BROWNING and KENNEDY, Circuit Judges, and DUMBAULD *, District Judge.

PER CURIAM:

Appellant appeals from an order dismissing his antitrust action for lack of subject matter jurisdiction.

Appellant's complaint alleged an attempt to monopolize the business of reselling lots in the unincorporated community on the northern California coast known as "The Sea Ranch," in violation of section 2 of the Sherman Act, 15 U.S.C. § 2 (1970). According to the complaint, appellant opened a real estate firm in 1973 and began providing services to owners of Sea Ranch lots who wished to resell them. Appellees were also actively engaged in the business of providing brokerage services to such persons through the Sea Ranch Sales Company. Appellant alleges that in furtherance of a conspiracy and combination to monopolize, appellees sought to prevent property owners at the Sea Ranch from dealing with him.

Appellees moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), Fed.R.Civ.P. On the basis of the pleadings, supplemental briefs on the jurisdictional issue, affidavits, and other materials submitted by the parties, and after an oral hearing, the trial court granted the motion on the ground that the business activities involved were "not within the flow of interstate commerce but . . . rather wholly intrastate in character [and these] intrastate activities [did] not substantially affect interstate commerce." (C.T. 140.) Appellant petitioned for reconsideration claiming for the first time that the trial court had "improperly decided a factual issue which should have been reserved for a jury and thereby deprived [him] of his right to a jury trial." (C.T. 128.)

Appellant does not challenge the substantive correctness of the trial court's decision that the court lacked subject matter jurisdiction under the Sherman Act. We therefore do not consider that question. Appellant's claim is procedural; he argues that the issue of whether the commercial activities involved had sufficient nexus with interstate commerce to establish subject matter jurisdiction under the Sherman Act should have been submitted to a jury.

"The jurisdictional issue under the Sherman Act is distinct from the substantive issue of whether a given defendant's conduct was of the kind prohibited by the Act," *Gough v. Rossmoor Corp.*, 487 F.2d 373, 375 (9th Cir. 1973). Specifically, "the jurisdictional question . . . is whether defendants' conduct had a sufficient relationship to interstate commerce to be subject to regulation by Congress . . . [while] the substantive issue . . . is whether defendants participated in anticompetitive conduct of the kind encompassed within the statutory terms 'restraint of trade,' 'monopolize,' or 'attempt to monopolize.'" *Id.* at 376.

A party is entitled to have the jurisdictional issue submitted to a jury only

---

* Honorable Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

where the jurisdictional issue and the issue on the merits are factually so "completely intermeshed," *McBeath v. Inter-American Citizens for Decency Committee,* 374 F.2d 359, 362–63 (5th Cir. 1967), that "the question of jurisdiction is dependent on decision of the merits," *Land v. Dollar,* 330 U.S. 731, 735, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947). *See Gough v. Rossmoor Corp., supra,* 487 F.2d at 377; 5 Moore's Federal Practice ¶ 38.36[1] at 294 (2d Ed. 1977). 5 Wright & Miller Federal Practice & Procedure § 1350 at 558 (1969). In this case appellant concedes that "the jurisdictional issue depends on facts that are separate and distinct from the facts which make up the alleged anti-competitive practices." (Reply Brief at 7.) It was proper, therefore, for the trial court to make any necessary factual findings and decide the jurisdictional issue pursuant to a motion under Rule 12(b)(1). *See Gough v. Rossmoor, supra,* 487 F.2d at 377; *Rosemound Sand & Gravel Co. v. Lambert Sand & Gravel Co.,* 469 F.2d 416, 418 (5th Cir. 1972); 6 Moore's, *supra,* ¶ 56.03 at 56–61; 10 Wright & Miller, *supra,* § 2713 at 405. *See also Page v. Work,* 290 F.2d 323, 334 (9th Cir. 1961); 5 Moore's, *supra,* ¶ 38.36[2.-2] at 299–300. In deciding the Rule 12(b)(1) motion, the trial court may rely on affidavits and other evidence submitted in connection with the motion, as the court did in this case. *See Land v. Dollar, supra,* 330 U.S. at 735 & n. 4, 67 S.Ct. 1009; *Exchange National Bank v. Touche Ross & Co.,* 544 F.2d 1126, 1130–31 (2d Cir. 1976); 5 Wright & Miller, *supra,* § 1350 at 549–50; 9 Wright & Miller, *supra,* § 2416 at 376–77. *Cf. Timberlane Lumber Co. v. Bank of America,* 549 F.2d 597, 602 (9th Cir. 1976).

Appellant also asserts the district court did not afford him an opportunity to develop evidentiary matters relevant to the jurisdictional question through discovery. Appellant had ample opportunity for discovery on the jurisdictional issue but chose not to avail himself of it. Five months elapsed between the filing of appellant's complaint and the filing of appellees' motion to dismiss; an additional two months passed between the filing of appellees' motion and the hearing. Appellant made no effort to undertake discovery during this seven month period.

AFFIRMED.