**SUN VALLEY GASOLINE, INC.,**
**Plaintiff-Appellant,**

v.

**ERNST ENTERPRISES, INC., Richard**
**H. Ernst and Eunice R. Ernst,**
**Defendants-Appellees.**

No. 82-5934.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 1983.

Decided July 22, 1983.

Gary B. Lovell, Newport Beach, Cal., for defendants-appellees.

Kenneth P. Roberts, Shapiro, Laufer, Posell & Close, Los Angeles, Cal., for plaintiff-appellant.

Before BROWNING, Chief Judge, and CHOY and FERGUSON, Circuit Judges.

CHOY, Circuit Judge:

This appeal grows out of a dispute over the operation of a North Hollywood, California, service station. Sun Valley Gasoline, Inc. ("Sun Valley"), the station operator, filed an action against its corporate landlord and that corporation's two stockholders (collectively "Ernst") alleging 12 separate causes of action. Ten of these counts were premised upon Title I of the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2801–2806 (Supp. V 1981). Title I of the PMPA imposes procedural and substantive restraints on the termination of, or failure to renew, a motor fuel-distribution franchise. The purpose of the statute is to prevent petroleum franchisors from dealing unfairly with their franchisees.

Upon Ernst's suggestion pursuant to Fed. R.Civ.P. 12(h)(3), the court below dismissed the 10 PMPA counts for lack of subject-matter jurisdiction. Following a certification of this partial judgment under Fed.R. Civ.P. 54(b), Sun Valley appeals dismissal of its PMPA claims.

The lower court's basis for dismissal was that Sun Valley and Ernst are not in a "franchise relationship" as defined by relevant portions of 15 U.S.C. § 2801. This conclusion was based on a factual finding by the court that Ernst was not authorized to permit the use of a refiner's trademark. Such authorization is commonly referred to as "branding authority." The court decided that in the absence of branding authority Ernst could not be in a franchise relationship with Sun Valley. This, in the court's view, took the relationship between Sun Valley and Ernst outside the scope of the PMPA and defeated subject-matter jurisdiction.

■ Since the district court's decision was not made under the standards applicable to motions for summary judgment under Fed.R.Civ.P. 56, it is unclear whether the court was deciding factual matters in genuine dispute. A court may, in certain instances, decide genuinely disputed factual issues relating to jurisdiction prior to trial. *Land v. Dollar,* 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947); *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir.1983); *Thornhill Publishing Co. v. General Telephone & Electronics Corp.,* 594 F.2d 730, 733 (9th Cir.1979). However, because jurisdictional fact-finding by the court deprives litigants of the protections otherwise afforded by Rule 56, we have defined certain limits upon this power of the court.

■ Jurisdictional finding of genuinely disputed facts is inappropriate when "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits" of an action. *Augustine,* 704 F.2d at 1077. *See Thornhill,* 594 F.2d at 733–35; *Berardinelli v. Castle & Cooke, Inc.,* 587 F.2d 37, 39 (9th Cir.1978). Normally, the question of jurisdiction and the merits of an action will be considered intertwined where, as here,[1] "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Timberlane Lumber Co. v. Bank of*

---

1. Sun Valley claims federal jurisdiction under 15 U.S.C. § 2805(a), the jurisdictional component of Title I of the PMPA.

*America,* 549 F.2d 597, 602 (9th Cir.1976). *See Black v. Payne,* 591 F.2d 83, 86 n. 1 (9th Cir.), *cert. denied,* 444 U.S. 867, 100 S.Ct. 139, 62 L.Ed.2d 90 (1979). *But cf. Berardinelli,* 587 F.2d at 39 (affirmed jurisdictional dismissal of Sherman Act claim on ground that business activities did not enter the flow of interstate commerce, but plaintiff conceded that jurisdictional and substantive facts were "separate and distinct").

 The ability of Sun Valley to allege a claim that comes within the definitional reach of the PMPA is a matter that goes to the merits of the action. Jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946):

> Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.... The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.

*Id.* at 682–83, 66 S.Ct. at 776 (citation and footnote omitted). *See Montana-Dakota Utilities Co. v. Northwestern Public Service Co.,* 341 U.S. 246, 249, 71 S.Ct. 692, 694, 95 L.Ed. 912 (1951); *Fogel v. Chestnutt,* 668 F.2d 100, 105–07 (2d Cir.1981), *cert. denied,* —— U.S. ——, 103 S.Ct. 65, 74 L.Ed.2d 66 (1982); *Williamson v. Tucker,* 645 F.2d 404, 415–16 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). Ernst does not argue that Sun Valley's action is clearly immaterial or wholly insubstantial and frivolous. Instead, Ernst argues that on the facts found by the district court, Sun Valley does not have a cause of action. Under *Bell v. Hood* and its progeny, the failure of a plaintiff to establish a federal cause of action upon which relief may be granted is a question going to the merits of an action. Sun Valley's claim, premised as it is on federal-question jurisdiction, must therefore be adjudicated on the merits. *See Williamson,* 645 F.2d at 416–17.

Our conclusion that the definitional reach of the PMPA is a question that goes to the merits of Sun Valley's claim is in accord with other courts that have considered the scope of the PMPA. With one exception,[2] all decisions that we have found dismissing PMPA claims for failure to come within the statute's definitional reach have done so on the merits. *See Brown v. American Petrofina Marketing, Inc.,* 555 F.Supp. 1327 (M.D.Fla.1983); *Johnson v. Mobil Oil Corp.,* 553 F.Supp. 195 (S.D.N.Y.1982); *Meyer v. Amerada Hess Corp.,* 541 F.Supp. 321 (D.N.J.1982); *Blackwell v. Power Test Corp.,* 540 F.Supp. 802 (D.N.J.1981), *aff'd mem.,* 688 F.2d 818 (3d Cir.1982); *Bsales v. Texaco, Inc.,* 516 F.Supp. 655 (D.N.J.1981); *cf. Checkrite Petroleum, Inc. v. Amoco Oil Co.,* 678 F.2d 5 (2d Cir.) (reversal of lower court judgment for plaintiff on ground that plaintiff was not a "franchisee" under the PMPA; no mention of jurisdictional problem), *cert. denied,* —— U.S. ——, 103 S.Ct. 74, 74 L.Ed.2d 73 (1982). Our conclusion

---

**2.** The one dissenting view appears in *Smith v. Atlantic Richfield Co.,* 533 F.Supp. 264 (E.D. Pa.), *aff'd mem.,* 692 F.2d 749 (3d Cir.1982), where the court held that the definitional section of the PMPA is a purely jurisdictional matter, 533 F.Supp. at 265 n. 2, and dismissed a PMPA action for lack of jurisdiction. Though we respectfully disagree with this conclusion regarding the definitional section of the PMPA, it is worth noting that the factual basis of that case may lend itself to characterization as wholly insubstantial or frivolous. The cause of action did not involve termination of a franchise for the distribution of petroleum or petroleum products. It involved termination of the lease for an " 'am/pm' convenience store" because of the plaintiff's refusal to remove two electronic video game machines from the store premises.

that questions relating to the definitional sections of the PMPA are substantive rather than jurisdictional might be analogized to holdings that the failure of certain interests to comport with the definition of securities set forth in the Securities Act of 1933 and the Securities Exchange Act of 1934 is a failure going to the merits of a case, and not to the jurisdiction of the federal courts. *See Williamson v. Tucker,* 645 F.2d 404, 416 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981); *Black v. Payne,* 591 F.2d 83, 86 n. 1 (9th Cir.), *cert. denied,* 444 U.S. 867, 100 S.Ct. 139, 62 L.Ed.2d 90 (1979).

Since the court below should have rejected Ernst's suggestion of lack of subject-matter jurisdiction, the PMPA counts must be returned to that court for a determination on the merits. We do not exclude the possibility that these claims may be suitable for Rule 56 disposition. At this point, we need not review the lower court's legal finding that branding authority is essential to the existence of a franchise relationship under the PMPA. *Compare Lasko v. Consumers Petroleum of Connecticut, Inc.,* 547 F.Supp. 211, 219 (D.Conn.1981) (implying necessity of branding authority), *and Blackwell v. Power Test Corp.,* 540 F.Supp. 802, 807 (D.N.J.1981) (same), *aff'd mem.,* 688 F.2d 818 (3d Cir.1982), *with Bsales v. Texaco, Inc.,* 516 F.Supp. 655, 661 (D.N.J.1981) (implying existence of "extraordinary situation" where branding authority not essential).

REVERSED and REMANDED.