**Billy ELLIS, and Betty Ellis, his wife, Plaintiffs–Appellants,**

**v.**

**WALKER DEVELOPMENT COMPANY, INC., an Arizona corporation, Defendant–Appellee.**

**No. 88–2780.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 1989.

Decided Sept. 1, 1989.

Ronald W. Meyer, Phoenix, Ariz., for plaintiffs-appellants.

John Escher, III, Gust, Rosenfeld & Henderson, Tucson, Ariz., for defendant-appellee.

Before WALLACE and NOONAN, Circuit Judges, and DWYER,* District Judge.

WALLACE, Circuit Judge:

Billy and Betty Ellis (Ellis) sued Walker Development Company, Inc. (Walker) for violations of the Petroleum Marketing Practices Act (Act), 15 U.S.C. §§ 2801–2841. The district court granted summary judgment in favor of Walker. The district court asserted jurisdiction under 15 U.S.C. § 2805(a). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

---

* Honorable William L. Dwyer, United States District Judge, Western District of Washington, sit-ting by designation.

## I

In January 1981, Walker owned property developed for use as a service station. Walker acquired a Texaco distributorship which authorized it to distribute and market gasoline products under the Texaco trademark. Walker leased the service station to Unterscheutz. The lease required Unterscheutz to sell Texaco gasoline exclusively, which Walker supplied. In July 1982, Walker sold the service station and Texaco distributorship to Siler, subject to the Unterscheutz lease. Following the sale, Siler continued to supply Texaco products to Unterscheutz. In October 1982, Unterscheutz assigned his interest in the lease to Ellis. Ellis also obtained Texaco products from Siler. In September 1985, Siler defaulted on his obligations to both Walker and Texaco. As a result, Walker foreclosed on the property and Texaco terminated Siler's distributorship.

After taking back title to the property, Walker was not able to reacquire the Texaco distributorship. Texaco instead awarded it to Sahara Oil. Sahara Oil then became the supplier of Texaco products to Ellis. Although Walker did not distribute Texaco products itself nor was it authorized to permit a retailer to use the Texaco trademark, Walker renewed Ellis's existing lease, which specifically provided that the property be used exclusively to sell Texaco products.

Subsequently, Walker agreed to sell the property to Dunlap. This triggered the action before us. In the complaint for injunctive relief and damages filed in district court, Ellis claimed that Walker's agreement to sell the property to Dunlap (1) failed to give Ellis first right of refusal to purchase the property as required by the Act, and (2) attempted to terminate an alleged franchise agreement with Ellis without proper notice as required by the Act. The district court found that Walker was not a "franchisor" under the Act and thus not subject to the Act.

## II

Ellis asserts that the district court had subject matter jurisdiction pursuant to 15 U.S.C. § 2805(a), which provides in part:

If a franchisor fails to comply with the requirements of section 2802 or 2803 of this title, the franchisee may maintain a civil action against such franchisor. Such action may be brought, without regard to the amount in controversy, in the district court of the United States....

For the district court to have jurisdiction under section 2805, Walker must be "franchisor" as defined by the Act. The definitional reach of section 2805 is an issue that requires us to review the factual basis of Ellis's claim. Though we would normally review the district court's jurisdiction as a threshold matter, here the jurisdictional and substantive issues are so intertwined that a determination of jurisdiction is dependent upon resolution of the merits. In this situation we proceed to the merits of the action. *Pro Sales, Inc. v. Texaco, U.S.A.*, 792 F.2d 1394, 1397–98 (9th Cir. 1986) (reviewing jurisdictional issue under Act by addressing the merits); *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139–40 (9th Cir.1983).

We review the district court's summary judgment independently. *Collins v. Womancare, A Feminist Woman's Health Center*, 878 F.2d 1145, 1147 (9th Cir.1989). "We apply the same standard used by the trial court under Fed.R.Civ.P. 56(c)." *Id.* "Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law." *Judie v. Hamilton*, 872 F.2d 919, 920 (9th Cir.1989).

## III

In both the brief and at the oral argument, Ellis concedes that Walker is not a "distributor." This concession, as we will explain, is fatal to Ellis's appeal.

To maintain an action under the Act, Ellis must prove that Walker is a "franchisor." 15 U.S.C. § 2805(a). The Act defines "franchisor" as "a refiner or distributor (as the case may be) who authorizes or permits, under a franchise, a retailer or distributor to use a trademark in connection with the sale, consignment, or distribution of motor fuel." 15 U.S.C. § 2801(3). Ellis does not argue, nor could he successfully argue, that Walker is a "refiner." *See* 15 U.S.C. § 2801(5). Thus, to be a "franchisor," Walker would have to be a "distributor." The unambiguous language of section 2801(3) requires it. Yet Ellis concedes that Walker is not a distributor. Thus, Walker is not a franchisor.

The requirement that Walker be a distributor is not limited to section 2801(3), but rather permeates the entire Act. For example, to come under section 2801(3), Walker would have to authorize Ellis to use the Texaco trademark "under a franchise." The Act includes a lengthy definition of "franchise":

(1)(A) The term "franchise" means any contract—

(i) between a refiner and a distributor,

(ii) between a refiner and a retailer,

(iii) between a distributor and another distributor, or

(iv) between a *distributor and a retailer,*

under which a refiner or *distributor* (as the case may be) authorizes or permits a retailer or distributor to use, in connection with the sale, consignment, or distribution of motor fuel, a trademark which is owned or controlled by such refiner or by a refiner which supplies motor fuel to the *distributor* which authorizes or permits such use.

(B) The term "franchise" includes—

(i) any contract under which a retailer or *distributor* (as the case may be) is authorized or permitted to occupy leased marketing premises, which premises are to be employed in connection with the sale, consignment, or distribution of motor fuel under a trademark which is owned or controlled by such refiner or by a refiner which supplies motor fuel to the distributor which authorizes or permits such occupancy,

**470**

(ii) any contract pertaining to the supply of motor fuel which is to be sold, consigned or distributed—

(I) under a trademark owned or controlled by a refiner; or

(II) under a contract which has existed continuously since May 15, 1973, and pursuant to which, on May 15, 1973, motor fuel was sold, consigned or distributed under a trademark owned or controlled on such date by a refiner; and

(iii) the unexpired portion of any franchise, as defined by the preceding provisions of this paragraph, which is transferred or assigned as authorized by the provisions of such franchise or by any applicable provision of State law which permits such transfer or assignment without regard to any provision of the franchise.

15 U.S.C. § 2801(1) (emphasis added). Thus, to be a "franchise" as defined by the Act, the contract must be between a *distributor* and a retailer under which a *distributor* authorizes or permits a retailer to use, in connection with the sale of motor fuel, a trademark which is owned or controlled by a refiner. Walker is not a distributor and thus cannot have a franchise agreement with Ellis under the Act.

Similarly, the Act defines "franchisee," which Ellis claims to be, as one "who is authorized or permitted, under a *franchise*, to use a trademark in connection with the sale, consignment, or distribution of motor fuel." 15 U.S.C. § 2801(4) (emphasis added). Again, for Ellis to be "under a franchise," Walker must be a distributor. 15 U.S.C. § 2801(1)(A). The Act could not be clearer. Walker is not a franchisor.

The district court correctly granted Walker's motion for summary judgment.

Since Ellis is not a prevailing party, Ellis is not entitled to attorneys' fees under 15 U.S.C. § 2805(d)(1)(C).

AFFIRMED.