993 F.2d 883
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Regina B. MILLER, Plaintiff-Appellant,
v.
LIFESTYLE CREATIONS, INC.; dba Lifestyle Sunglass Company,
Steve Huebner; and Does I through V, inclusive,
Defendant-Appellee.
 No. 90-16822.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided May 24, 1993.
 
 Before: CHOY, NOONAN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Regina Miller filed a complaint in the United States District Court for the District of Nevada alleging that her employer, Lifestyle Creations, Inc., a sunglass company located in Las Vegas, discriminated against her on the basis of sex in violation of Title VII. Miller's complaint included a demand for a jury trial.
 
 
 3
 Lifestyle Creations filed an answer and moved to dismiss for lack of subject matter jurisdiction. Miller opposed that motion. The district court then held an evidentiary hearing on the motion to dismiss. Four witnesses testified: Lifestyle Creations' owner, Steve Huebner; Lifestyle Creations' accountant, Barry Moskowitz; the former sales manager for Lifestyle Creations, Chris Summers; and the appellant, Regina Miller. Ten days later both parties filed post-hearing briefs.
 
 
 4
 On October 15, 1990, the district court granted the motion to dismiss for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand.
 
 
 5
 * An employer is not subject to Title VII unless it is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). Lifestyle Creations contends that it did not have fifteen or more employees for twenty weeks in either 1988 or 1989. Whether that contention is true or not turns on whether Lifestyle Creations' out-of-state sales representatives are considered employees or independent contractors.
 
 
 6
 * In response to a Rule 12(b)(1) motion, the district court has wide discretion to consider affidavits, documents, and even hold a limited evidentiary hearing. See Wheeler v. Hurdman, 825 F.2d 257, 259 n. 5 (10th Cir.1987). Ordinarily, under Rule 12(b)(1), the burden is on the plaintiff to prove by a preponderance of the evidence that the district court has subject matter jurisdiction. The district court is not precluded from considering conflicting evidence. Moreover, no presumption of truthfulness attaches to the plaintiff's allegations and the existence of disputed material facts will not preclude the district court from evaluating the merits of the jurisdictional claim. See Thornhill Publishing Co. v. General Telephone Corp., 594 F.2d 730, 733 (9th Cir.1979). Lifestyle Creations argues that this standard was properly applied by the district court and that this court can only review its decision for clear error.
 
 
 7
 However, when the jurisdictional issue and the merits are "intertwined," or when the jurisdictional question is dependent on the resolution of factual issues going to the merits, the district court must apply the summary judgment standard in deciding the motion to dismiss. Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983); see also Careau Group v. United Farm Workers of America, 940 F.2d 1291, 1293 (9th Cir.1991). Our case law provides that "the question of jurisdiction and the merits of an action will be considered intertwined where ... 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.' " Sun Valley Gas., Inc. v. Ernst Enterprises, Inc., 711 F.2d 138, 139-40 (9th Cir.1983) (quoting Timberlane Lumber Co. v. Bank of America ( Timberlane I ), 549 F.2d 597, 602 (9th Cir.1976)). In this case, Title VII provides the basis for both the subject matter jurisdiction and the substantive claim for relief.[1] See Clark v. Tarrant County, 798 F.2d 736, 742 (5th Cir.1986) (the question of employee status under Title VII is intertwined with the merits of the Title VII claim) (citing Sun Valley Gas., 711 F.2d at 139). Thus, the summary judgment standard must be applied. Augustine, 704 F.2d at 1077; see also Clark, 798 F.2d at 742.
 
 
 8
 Therefore, if a genuine issue of material fact exists, the motion to dismiss should have been denied and the question presented to the jury. Id. Otherwise, where "a statutory right is pursued and the defense raised that the defendant does not come within the statute, judicial acceptance of the statutory defense is the death knell of the litigation and is the same as dismissal on the merits." Rogers v. Stratton Indus., Inc., 798 F.2d 913, 916 (6th Cir.1986). Thus, it was improper for the district court to grant the motion to dismiss unless relevant facts as to the status of the out-of-state sales representatives were not in dispute.[2]
 
 B
 
 9
 Having determined that the summary judgment standard should have been applied, our next task is to review what the district court actually did. Pointing to the fact that the district court held an evidentiary hearing, Lifestyle Creations argues that the court properly applied the Augustine standard. See Augustine, 704 F.2d at 1079. However, the fact that an evidentiary hearing was held does not demonstrate that the district court applied the standard mandated by Augustine. Rather, the crucial question is whether the district court determined that no genuine issue of material fact existed as to whether the out-of-state sales representatives were employees. Id.; see also Martin v. United Way of Erie Co., 829 F.2d 445, 447 (3d Cir.1987). We conclude that it did not.
 
 
 10
 This circuit employs the "economic realities" test first enunciated in Lutcher v. Musician Union Local 47, 633 F.2d 880, 883 (9th Cir.1980), to determine whether a worker is an employee or an independent contractor.[3] The primary factor in the Lutcher test is the extent of the employer's right to control the means and the manner of the worker's performance.[4] Id. Instead of employing the Lutcher test, the district court apparently looked to similar factors found in EEOC v. Pettegrove Truck Service, Inc., 716 F.Supp. 1430, 1433 (S.D.Fla.1989). Then, it cursorily announced that "taking these factors into account, and considering the evidence submitted at the September 7 hearing, the court has concluded that these out-of-state sales representatives did not qualify as 'employees' under the statute."
 
 
 11
 From the record before us, there is no indication that the court recognized that its role was limited to determining whether a genuine issue of material fact existed. Rather, the court appears to have simply applied the Rule 12(b)(1) standard and concluded that Miller had failed to show by a preponderance of the evidence that the out-of-state sales representatives were employees. That approach is improper under Augustine. Moreover, had the district court ruled that there was no genuine issue of material fact, we would be compelled to disagree. Lifestyle Creations concedes that the district court reviewed contradictory evidence. The testimony offered by the appellant establishes a clear conflict as to the central factual issues, making summary judgment inappropriate under the circumstances.[5] See Augustine, 704 F.2d at 1079.
 
 II
 
 12
 Whether the out-of-state sales representatives at issue here were employees is too fact-specific a question for this court to determine as a matter of law. Even if material facts were not in dispute, the district court made no factual findings upon which we could base such a determination. Moreover, the primary Lutcher factor--the extent of the employer's right to control the means and manner of the worker's performance--depends in large part upon a determination of the credibility of the witnesses.
 
 
 13
 Accordingly we must reverse. The district court's decision was not made under the standard applicable to motions for summary judgment and, therefore, we cannot conclude that the court's determination that the out-of-state sales representatives were not employees did not improperly decide genuinely disputed factual matters related to jurisdiction. See Sun Valley Gas., 711 F.2d at 140.
 
 
 14
 On remand, the district court may be able to apply the Augustine standard and the economic realities test as set forth in Lutcher to find that no genuine issue of material fact exists as to the status 1:of the out-of-state sales representatives. See Augustine, 704 F.2d at 1079; see also Timberlane Lumber Co. v. Bank of America ( Timberlane II ), 749 F.2d 1378, 1381 & n. 1 (9th Cir.1984). Based on the record so far, however, this may be an issue that must be left to the jury.
 
 
 15
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 It may be something of a misnomer to refer to the requirement that there be fifteen employees as "jurisdictional" rather than as an element of the substantive claim. It simply is a requirement that must be met before the plaintiff can make out a cause of action under Title VII. "Under Bell v. Hood [, 327 U.S. 678 (1946) ] and its progeny, the failure of a plaintiff to establish a federal cause of action upon which relief may be granted is a question going to the merits of an action." Sun Valley Gas., 711 F.2d at 140. "Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction." Bell, 327 U.S. at 682. It is axiomatic that a court cannot dismiss a case on the merits where there is a genuine issue of material fact
 
 
 [2]
 The Seventh Circuit's decision in Zimmerman v. North American Signal Co., 704 F.2d 347 (7th Cir.1983), is not to the contrary. The Zimmerman court rejected the appellant's contention that "summary disposition was improper because the jurisdictional issue was inextricably intermeshed with the merits," stating that it could not "discern any such relationship between the issue of the number of North American's employees and the issue whether Zimmerman was discharged because of age." Id. at 351. However, in Zimmerman, unlike this case, the district court applied the summary judgment standard, finding no genuine factual dispute on the jurisdictional issue. Id. at 350. Summary disposition was based on the purely legal determination that directors, officers, and those listed on the medical plan were not employees under the Age Discrimination in Employment Act, 29 U.S.C. § 630(b). Id. at 350-51
 
 
 [3]
 Title VII offers little guidance to aid the inquiry, defining an "employee" simply as one "employed by an employer." 42 U.S.C. § 2000e(f)
 
 
 [4]
 Additional factors include:
 (1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by job; (6) the manner in which the work relationship is terminated; i.e., by one or by both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the "employer"; (9) whether the work accumulates retirement benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the parties.
 Lutcher, 633 F.2d at 883 n. 5 (quoting Spirides v. Reinhardt, 613 F.2d 826, 831 (D.C.Cir.1979)).
 
 
 [5]
 Lifestyle Creations' former sales manager, Chris Summers, testified that he maintained significant day-to-day control over the out-of-state sales representatives. Moreover, Miller testified that there was little difference in the supervision and control maintained over her by Lifestyle Creations after her position nominally shifted from employee to independent sales representative