[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15547
Non-Argument Calendar

_____

D. C. Docket No. 07-20150-CV-UU

SUYAPA TURCIOS,
and all others similarly situated under 29 USC
216(B),

Plaintiff-Appellant,

versus

DELICIAS HISPANAS CORP.,
PATRICIA ORTEGA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 29, 2008)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Plaintiff Suyapa Turcios appeals the district court's order dismissing her complaint brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Turcios worked as a cook and dish washer at defendant Delicias Hispanas, a restaurant owned by defendant Patricia Ortega. Turcios's complaint alleged that defendants owed her unpaid overtime compensation and minimum wages. Upon the defendants' motion, the district court dismissed Turcios's complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. Turcios filed this appeal. We conclude that the district court should have used the Rule 56 standard, and we vacate and remand.

**A. Subject Matter Jurisdiction under Rules 12(b)(1) and 56**

"[W]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56.'" Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003) (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). That is, when a Rule 12(b)(1) motion constitutes a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue." Id. (quoting Lawrence, 919 F.2d at 1529).

"We have cautioned, however, that the district court should only rely on Rule 12(b)(1) '[i]f the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action.' If a jurisdictional challenge does implicate the merits of the underlying claim then: '[T]he proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.'" Id. (quoting Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1261 (11th Cir. 1997) (ellipses omitted). "[J]urisdiction becomes intertwined with the merits of a cause of action when 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'" Id. at 926 (quoting Sun Valley Gasoline, Inc. v. Ernst Enters., 711 F.2d 138, 139-40 (9th Cir. 1983)).

For example, in Morrison v. Amway Corporation, this Court concluded that "eligible employee" status under the Family and Medical Leave Act ("FMLA") is a "threshold jurisdictional question" that is also "a prima facie element for recovery" under the statute. Id. at 927-28. We did so after examining the structure of the FMLA. Specifically, § 2617 of the FMLA authorizes suit by an "eligible employee" for an FMLA violation, while § 2617, which contains general definitions applicable to the FMLA, defines the term "eligible employee." See 29 U.S.C. §§ 2611(2)(A), 2617(a). We noted that the phrase "eligible employee" was

3

found in both § 2617(a)(1), which sets forth an employer's liability in a private

civil suit under the FMLA, and § 2611, which sets forth the scope of the FMLA's

coverage in a general definitions provision.  Id.

This Court similarly has concluded that "employer" status under the Age

Discrimination in Employment Act ("ADEA") is a jurisdictional issue that is

intertwined with the merits of an ADEA claim.  Garcia v. Copenhaver, Bell &

Associates, 104 F.3d 1256, 1263 (11th Cir. 1997).  Under the ADEA, § 623(a)(1)

provides substantive relief for a violation and requires the plaintiff to prove the

defendant is an "employer," while § 630, which contains general definitions for the

ADEA, defines the term "employer."  See 29 U.S.C. §§ 623(a)(1), 630(b).  We

examined the ADEA statute and concluded that "it seems the section of [the]

ADEA that provides the substantive relief, § 623, is intertwined and dependent on

the section of [the] ADEA that defines the scope of the act, § 630."  Id. at 1262-63.

Because in Morrison and Garcia the jurisdictional question was intertwined

with a substantive element of the statutory claim, we concluded that the district

court "was required to find that jurisdiction exists and deal with the objection as a

direct attack on the merits" and "resolve the attack under Rule 56 and review for

sufficiency of the evidence."  Morrison, 323 F.3d at 929-30 (quotation marks

4

omitted); see also Garcia, 104 F.3d at 1261, 1267.[1]

## B.  FLSA

Here, as in Morrison and Garcia, the same operative fact determines whether the plaintiff can recover under the statute and the scope of the statute's coverage. The overtime provision of the FLSA, § 207(a), requires the plaintiff employee to prove that she was either: (1)"engaged in commerce or in the production of goods for commerce," or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).[2] Likewise, the minimum wage provision of the FLSA, § 206, requires the plaintiff employee to prove one of these two conditions. 29 U.S.C. § 206(a).[3]

---

[1]For the reasons stated in Morrison, we are bound by Garcia and Morrison and decline to follow Scarfo v. Ginsberg, 175 F.3d 957 (11th Cir. 1999). See Morrison, 323 F.3d at 928-29.

[2]Section 207(a)(1) states:
Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
29 U.S.C. § 207(a)(1).

[3]Section 206(a) states in relevant part:
Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
(1) except as otherwise provided in this section, not less than- -
        (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; . . . .
29 U.S.C. § 206(a)(1)(A).

Also as in <u>Morrison</u> and <u>Garcia</u>, a court must look to the definitions section of the statute to determine the scope of coverage under the FLSA.  Specifically, § 203 defines the phrase "[e]nterprise engaged in commerce or in the production of goods for commerce" as an enterprise that (1) has two or more employees engaged in commerce or in the production of goods for commerce or has employees "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce . . .," and (2) has an "annual gross volume of sales made or business done" of "not less than $500,000 . . . ."   29 U.S.C. § 203(s)(1)(A).[4]  This is commonly referred to as "enterprise coverage."

In short, the sections of the FLSA that provide the substantive relief, §§ 206 and 207, are intertwined with and dependent on the section of the FLSA that defines the scope of the FLSA, § 203.  Thus, for the same reasons that "eligible employee" status under the FMLA and "employer" status under the ADEA are

---

[4]Section 203(s)(1)(A) states:
(s)(1)"Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise that–
    (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
    (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated); . . . .
29 U.S.C. § 203(s)(1)(A)(i)-(ii).  Section 203 further contains definitions of the terms "commerce," "employee," "goods," "produced" and "sale" or "sell."  <u>See</u> 29 U.S.C. § 203(b), (e), (i), (j), & (k).

6

intertwined with the merits of those statutory claims, the question of enterprise coverage is also intertwined with the merits of an FLSA claim.[5]

## C.  Turcios's Case

The district court concluded that the plaintiff Turcios failed to establish enterprise coverage because Turcios had not proved that the defendant Delicias Hispanas had at least $500,000 in annual gross sales made or business done during 2006 when Turcios was employed.  Relying on its authority under Rule 12(b)(1) to make findings of fact relating to subject matter jurisdiction, the district court found that Delicias Hispanas had gross receipts or revenue of no more than $79,168.00 in 2006.  However, whether Delicias Hispanas was an "[e]nterprise engaged in commerce or in the production of goods for commerce" implicated both the merits of Turcios's FLSA claims and the jurisdictional question.  Therefore, under Morrison and Garcia, the district court erred in applying the Rule 12(b)(1) standard.

This is especially so given that: (1) Turcios submitted a sworn affidavit that defendant Patricia Ortega had admitted to her that the restaurant earned over

---

[5]One circuit has concluded, based on the Supreme Court's recent opinion in Arbaugh v. Y&H Corporation, 546 U.S. 500, 126 S. Ct. 1235 (2006), that enterprise coverage under the FLSA is not jurisdictional.  See Chao v. Hotel Oasis, Inc., 493 F.3d 26, 33 (1st Cir. 2007). Because the parties do not dispute the jurisdictional nature of enterprise coverage, we do not address whether, after Arbaugh v. Y&H Corporation, enterprise coverage is a jurisdictional prerequisite.

7

$10,000 weekly; (2) Delicias Hispanas was operated as a cash-only restaurant with no documentation of its gross revenue; (3) Delicias Hispanas's 2006 tax return indicated that the restaurant had gross receipts of $79,168, which would suggest an approximate weekly gross revenue of $1500; (4) the 2006 tax return also indicated that the restaurant operated at a net loss of $6,761, but failed to include cost of labor in the cost of goods sold, suggesting an even greater net loss than reported; (5) Turcios's weekly salary for 80 hours of work was $700, almost half the restaurant's estimated weekly gross receipts; (6) the restaurant employed at least two waitresses; and (7) the restaurant contained between fifteen and twenty tables, was open seven days a week from 8:00 am until at least 10:00 p.m., and served breakfast, lunch and dinner.

Accordingly, we vacate the district court's order granting the defendants' Rule 12(b)(1) motion to dismiss and remand for the district court to resolve the motion applying the standards applicable under Rule 56. Further, since this issue has been litigated as a Rule 12(b)(1) motion, no summary judgment notice has been given. On remand, the district court shall give summary judgment notice and allow the parties to submit any additional evidence on the issues raised in defendants' motion.

**VACATED and REMANDED.**

8