NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 11 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WASTE ACTION PROJECT, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> FRUHLING SAND & TOPSOIL INC., <br><br> Defendant-Appellee. | No.    17-35686 <br><br> D.C. No. 2:17-cv-00498-RSM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted August 28, 2018[**]
Seattle, Washington

Before:  McKEOWN, W. FLETCHER, and GOULD, Circuit Judges.

Waste Action Project appeals the district court's order dismissing its Clean

Water Act citizen suit against Fruhling Sand & Topsoil Inc. as moot.  We reverse

and remand for further proceedings.

1.  The district court erred in dismissing Waste Action Project's claim on

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdictional grounds based on its assessment of evidence going to the merits of the claim. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). But a jurisdictional finding resolving genuinely disputed facts "is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Id.* (quoting *Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.*, 711 F.2d 138, 139 (9th Cir. 1983)) (alteration omitted). "The question of jurisdiction and the merits of an action are intertwined where 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'" *Id.* (quoting *Sun Valley*, 711 F.2d at 139). The only exceptions to this rule are where a claim (1) is "immaterial and made solely for the purpose of obtaining federal jurisdiction," or (2) "is wholly insubstantial and frivolous." *Id.* (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).

We conclude that jurisdictional findings are inappropriate here because Clean Water Act section 505(a), 33 U.S.C. § 1365(a), provides both federal subject matter jurisdiction and a claim for relief where a person is "alleged to be in violation" of its National Pollutant Discharge Elimination System permit. And we

cannot say that Waste Action Project's claim is so immaterial, insubstantial, or frivolous on its face as to defeat subject matter jurisdiction.

We thus construe the district court's order not as a Rule 12(b)(1) dismissal for lack of subject matter jurisdiction, but as a Rule 56 dismissal on summary judgment. *See id.* at 1040. We review the ruling *de novo* to determine whether a genuine dispute of material fact exists. *Id.* at 1040 n.4.

On the available record, we conclude that there is a genuine dispute of material fact for trial. A reasonable fact-finder could conclude that notwithstanding Fruhling's updates to its Site Management Plan, there remains "a reasonable likelihood that [it] will continue to pollute in the future." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 57 (1987). As a result, the district court erred in weighing the evidence to resolve this dispute by making a Rule 12(b)(1) jurisdictional finding.

2. The district court also erred in concluding that Waste Action Project did not allege ongoing violations of the Clean Water Act in good faith. In *Gwaltney*, "the Supreme Court explained that an allegation is sufficient to confer jurisdiction and that Fed. R. Civ. P. 11 provides the proper remedy for bad-faith claims." *Waterkeepers N. Cal. v. AG Indus. Mfg., Inc.*, 375 F.3d 913, 921 (9th Cir. 2004) (emphasis omitted). Under Rule 11, we consider "(1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney

3

has conducted a reasonable and competent inquiry before signing and filing it."

*Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)).  Here, the complaint is not baseless, and it was not filed without a reasonable and competent inquiry.  *See id.* The district court incorrectly concluded that Waste Action Project's plan to conduct discovery to *prove* ongoing Clean Water Act violations meant that Waste Action Project lacked a good faith basis to *plead* those alleged violations.

**REVERSED AND REMANDED.**