## MATTER OF P-

### In Adjustment of Status Proceedings

#### Designated by Commissioner November 23, 1988

(1) An Application for a Waiver of Grounds of Excludability (Form I-690) pursuant to 8 C.F.R. § 245a.2(k) (1988) should be adjudicated separately from an Application for Status as a Temporary Resident (Form I-687) under section 245A of the Immigration and Nationality Act, 8 U.S.C. § 1255a (Supp. IV 1986).

(2) A nonimmigrant alien whose unlawful status is known to the United States Government as of January 1, 1982, is eligible for temporary resident status under section 245A of the Act if otherwise qualified.

(3) A nonimmigrant alien who obtained a social security card, worked without authorization from the Immigration and Naturalization Service, and filed federal income tax returns prior to January 1, 1982, is an alien whose unlawful status as of January 1, 1982, was known to the United States Government for purpose of eligibility under section 245A(a)(2) of the Act.

(4) A nonimmigrant alien who reentered the United States as a nonimmigrant visitor for pleasure subsequent to January 1, 1982, but with an intention to resume an unrelinquished unlawful residence, is an alien who has been continuously residing in the United States in an unlawful status for purpose of eligibility under section 245A(a)(2)(A) of the Act and 8 C.F.R. § 245a.2(b)(9) (1988).

(5) A nonimmigrant alien who reentered the United States subsequent to January 1, 1982, with an intention to resume an unrelinquished unlawful residence and who is an applicant for temporary resident status under section 245A of the Act is excludable pursuant to section 212(a)(19) of the Act, 8 U.S.C. § 1182(a)(19) (Supp. IV 1986), and 8 C.F.R. § 245a.2(b)(10) (1988).

(6) An alien who applies for temporary resident status under section 245A of the Act, but who is excludable on grounds which may be waived, must establish that the waiver should be granted for family unity, humanitarian reasons, or when it is otherwise in the public interest pursuant to section 245A(d)(2)(B)(i) of the Act and 8 C.F.R. § 245a.2(k)(2) (1988).

(7) For purposes of eligibility under section 245A of the Act, permissible waivers of excludability should be granted liberally.

(8) An alien who has contributed to a community financially by creating jobs and through public activities has established it would be in the public interest to grant his application for a waiver of grounds of excludability under section 245A(d)(2)(B)(i) of the Act and 8 C.F.R. § 245a.2(k)(2) (1988).

Interim Decision #3090

ON BEHALF OF APPLICANT:   Brian K. Bates, Esquire  
South Tower, Suite 1620  
Plaza of the Americas  
600 N. Pearl  
Dallas, Texas 75201

This matter is an application for temporary resident status denied by the director, Southern Regional Processing Facility, and certified to the Legalization Appeals Unit for review. The decision will be reversed and the application granted.

The applicant is a 33-year-old male native and citizen of England. He is single and has no children. The applicant has two brothers who are lawful permanent residents and reside in the United States.

The director determined that the applicant had provided no evidence to establish he entered the United States as a nonimmigrant prior to January 1, 1982, and his authorized stay expired prior to January 1, 1982, or his unlawful status was known to the Government prior to January 1, 1982. The director also determined that the applicant was excludable under section 212(a)(19) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(19) (Supp. IV 1986). The director denied the application for a waiver on the grounds that the applicant had failed to provide sufficient evidence of "family unity, humanitarian or public interest reasons."

On appeal, counsel asserts that the applicant was in the United States in an unlawful status prior to January 1, 1982, and his unlawful status was "known to the Government" as of such date as the term has been construed by the courts. Counsel further maintains that the application for legalization should be approved notwithstanding the provisions of section 212(a)(19) of the Act since the waiver would clearly be in the public interest.

The record indicates that the applicant initially entered the United States as a "B-2" visitor for pleasure on March 16, 1979, at Los Angeles, California. Since such date, the applicant has made several departures and reentries into the United States. The record indicates that he last entered the United States on January 4, 1988, under the Service's advance parole provisions.

Preliminarily, we find that the director erred in his decision by denying the Application for Waiver of Grounds of Excludability (Form I-690) and the Application for Status as a Temporary Resident (Form I-687) concurrently on Form I-692 (Notice of Denial for Status as a Temporary Resident). Each application should be adjudicated separately since the applicant has the right to appeal from an adverse decision of either application. 8 C.F.R. § 245a.2(k)(2) (1988). However, in the interest of due process to the alien and to

824

avoid renewed proceedings, the record will be reviewed to determine the applicant's eligibility for the waiver of excludability and temporary resident status. For the following reasons we reverse the decision of the director and approve both the application for temporary resident status and the application for a waiver of excludability.

## I. Application for Temporary Resident Status

Section 245A(a)(2) of the Act generally requires that an alien who applies for temporary resident status must establish that he has been in the United States in a continuous unlawful residence since January 1, 1982, and through the date of filing the application. However, an alien who entered the United States as a nonimmigrant prior to January 1, 1982, must also establish that his period of authorized stay expired before January 1, 1982, or his unlawful status was "known to the Government" as of January 1, 1982. Section 245A(a)(2)(B) of the Act, 8 U.S.C. § 1255a(a)(2)(B) (Supp. IV 1986); *Matter of N-*, 19 I&N Dec. 760 (Comm. 1988).

The issue here, as phrased by the applicant's counsel, is whether the applicant's unlawful status was "known to the Government" as of January 1, 1982. The Service initially defined the term "known to the Government" as meaning "known to INS," thereby precluding eligibility to those aliens whose violation of status was "known" only to other federal agencies. 8 C.F.R. § 245a.1(d) (1987). The Service's definition has been challenged in several lawsuits. See *Ayuda v. Meese*, 687 F. Supp. 650 (D.D.C. 1988); *Farzad v. Chandler*, 670 F. Supp. 690 (N.D. Tex. 1987); *Kalaw v. Ferro*, 651 F. Supp. 1163 (W.D.N.Y. 1987).

In *Ayuda v. Meese, supra*, the court enjoined the Service from applying the Service's regulation interpreting the words "known to the Government." The court found that the word "Government" as set forth in section 245A(a)(2)(B) of the Act "mean[s] United States Government and not simply the INS." *Id.* at 666. The Service acquiesced in the court's interpretation of the word "Government" and on September 9, 1988, issued a directive instructing legalization offices on how to apply the new definition. Specifically, the Service stated:

A nonimmigrant alien must establish that prior to January 1, 1982, documents existed in one or more government agency, so that when such documentation is taken as a whole it would warrant the finding (i.e. shows) that the nonimmigrant alien's status in the United States was unlawful. Said documentation must be in the files of the Government prior to January 1, 1982, or such other time as permitted by INS regulations. The burden is on the nonimmigrant to meet this standard.

Accordingly, to determine whether in this case the applicant's unlawful status was "known to the Government" as of January 1, 1982, we are guided by the court's decision in *Ayuda* and the Service's implementing instructions of September 9, 1988.

The applicant entered the United States as a "B-2" nonimmigrant visitor for pleasure on March 16, 1979. An alien who is admitted to the United States as a nonimmigrant visitor for pleasure ("B-2" visa) is not authorized to work in the United States. 8 C.F.R. § 274a.12 (1988). There is no evidence in the record that the applicant has ever held a status other than that of a nonimmigrant visitor for pleasure or that the Service has ever authorized the applicant to be employed in the United States.

To establish that he worked in the United States since 1979 and his unlawful status was "known to the Government," the applicant has submitted federal income tax returns for the years 1979–86. The applicant has also submitted a letter from the Internal Revenue Service confirming that the applicant filed individual income tax returns for the years 1980 and 1983–86. Not verified by the IRS is the applicant's tax return for 1982. However, the applicant has submitted a copy of his 1982 federal tax return which on its face appears authentic. Additionally, the applicant has submitted a copy of a Receipt for Application for a Social Security Number (Form SSA-5028) indicating he applied for a social security card on March 27, 1979. The copies of these and other documents submitted by the applicant have been properly certified by the applicant's counsel.

The documentary evidence submitted by the applicant, when considered in its totality, leaves no doubt that as of January 1, 1982, there existed sufficient information in the files of the United States Government to warrant a conclusion the applicant was in the United States in an unlawful status.

However, this does not end the inquiry. We must also determine whether the applicant has been continuously residing in the United States in an unlawful status since January 1, 1982. The applicant has established that since January 1, 1982, on numerous occasions he has left and reentered the United States as a nonimmigrant visitor for pleasure. These absences have not constituted a break of the applicant's continuous residence or physical presence. 8 C.F.R. § 245a.1(c)(1) (1988). However, his entries to the United States have been ostensibly lawful, raising the question of whether the applicant has been residing in the United States in a lawful status subsequent to January 1, 1982.

The Service regulations permit a nonimmigrant alien who reenters the United States to be eligible for temporary resident status

under section 245A of the Act. Specifically, eligibility is provided to "[a]n alien who would be otherwise eligible for legalization and who was present in the United States in an unlawful status prior to January 1, 1982, and reentered the United States as a nonimmigrant in order to return to an unrelinquished unlawful residence." 8 C.F.R. § 245a.2(b)(9) (1988).

The applicant here has established that he was in the United States in an unlawful status as of January 1, 1982. The applicant has also established that when he reentered the United States as a nonimmigrant, he was returning to an unrelinquished unlawful residence.

## II. The Application for a Waiver of Excludability

The applicant has established that he entered and reentered the United States a number of times as a nonimmigrant visitor for pleasure but with an intention to return to his unrelinquished unlawful residence and to resume his employment which had not been authorized by the Service. A nonimmigrant alien who claims eligibility for temporary resident status pursuant to 8 C.F.R. § 245a.2(b)(9) (1988) "must receive a waiver of the excludable charge 212(a)(19) as an alien who entered the United States by fraud." 8 C.F.R. § 245a.2(b)(10).[1]

In *League of United Latin American Citizens (LULAC)* v. *INS*, No. 87-04757, slip op. at 22 (C.D. Cal. July 15, 1988), the court found the Service regulation that requires the filing of a waiver of excludability, 8 C.F.R. § 245a.2(b)(10) (1988), to be "entirely consistent with congressional enactments."

Section 245A(d)(2)(B)(i) of the Act permits the Attorney General to waive certain grounds of exclusion, including exclusion under section 212(a)(19) of the Act, "in the case of individual aliens for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest." 8 C.F.R. § 245a.2(k)(2) (1988).

The applicant has submitted an Application for a Waiver of Grounds of Excludability. When the application was submitted to the director, the applicant claimed that the waiver should be granted for humanitarian and family unity reasons. The director determined that the applicant failed to provide sufficient evidence to warrant a favorable exercise of discretion. On appeal, the applicant

---

[1] Section 212(a)(19) of the Act makes ineligible for admission into the United States "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure, or has sought to procure or has procured, a visa, other documentation, or entry into the United States or other benefit provided under this Act."

claims that the granting of the waiver would be in the public interest as evidenced by the additional documentation submitted on appeal.

The term "in the public interest" is not defined in the Act or the regulations. However, Congress contemplated that waivers under section 245A of the Act be granted liberally. "In most cases, denials of legalization on the basis of the waivable exclusions should only occur when the applicant also falls within one of the specified non-waiverable grounds of exclusion." H.R. Rep. No. 115, 98th Cong., 1st Sess. 69-70. In *Matter of N-, supra,* we noted that "we are also mindful that Congress intended the legalization program to be administered in a liberal and generous fashion." *Id.* at 762.

The term "public interest" has been generally defined to mean "something in which the public, the community at large, has some pecuniary interest, or some interest by which their legal rights or liabilities are affected." *Black's Law Dictionary* 1106 (5th ed. 1979). However, there is no hard and fast rule for determining what is in the "public interest." But for the purpose of deciding the application for a waiver, we adopt the foregoing definition.

The evidence submitted by the applicant establishes that he is the director of a computer technology firm which employs 40 people. He is presently negotiating the formation of an information technology consulting company, with a projection of 1,000 employees and revenues over a 3-year period of $100 million. He has made significant business investments amounting to over $400,000, which in turn has generated employment for over 500 people in the United States. The applicant has assisted in the formation and establishment of different firms which again created employment opportunities. The applicant has also assisted different firms in locating and placing partners and principals, thereby generating business for such firms.

The applicant is a member of the board of directors of an organization dedicated to civic improvement and furtherance of the arts in the Dallas, Texas, area. The executive director of this organization, with which the applicant has been associated over the past 7 years, states that the applicant's participation has resulted in contributions of over $2 million toward the completion of their project.

While the monetary amounts and jobs made available set out by counsel are general in nature and do not have an auditor's precision, they are nonetheless impressive. The applicant appears to be a financially successful person who has made substantial contributions of money, time, and talent to the betterment of the community in which he lives.

For the foregoing reasons we find the approval of his Application for Waiver of Grounds of Excludability to be in the public interest.

## III. Conclusions

The applicant has established: (1) he entered the United States prior to January 1, 1982; (2) his unlawful status was known to the Government as of January 1, 1982; (3) he subsequently resided continuously in the United States; (4) he reentered the United States as a nonimmigrant to return to an unrelinquished unlawful residence; and (5) it is in the public interest to grant him a waiver of his grounds of excludability. Consequently, we reverse the decision of the director and grant the application for temporary resident status and the application for a waiver of excludability.

ORDER: The appeal is sustained. The application for temporary resident status is approved.

FURTHER ORDER: The application for a waiver of excludability is approved.