Proyecto SAN PABLO, et al., Plaintiffs,

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,**
Defendant.

**No. Civ 89–456–TUC–WDB.**

United States District Court,
D. Arizona.

June 17, 1997.

grant Assistance Project, John A., John F., John T., Jane S., John M., Jane T., John G., Jane B.

Donald B. Overall, U.S. Atty., Anne F. Ward, Southern Arizona Legal Aid, Tucson, AZ, Robert Pauw, Robert H. Gibbs, Gibbs Houston Pauw, Seattle, WA, Ellen Sue Shapiro, U.S. Dept. of Justice, Office of Immigration Litigation, Washington, DC, M. Jocelyn Lopez Wright, U.S. Dept. of Justice, Immigration Litigation, Tucson, AZ, for Immigration and Nationalization Service.

Donald B. Overall, U.S. Atty., Tucson, AZ, Ellen Sue Shapiro, U.S. Dept. of Justice, Office of Immigration Litigation, Washington, DC, for Richard Thornburgh, James Buck, Dennis Keefe, Department of State.

Donald B. Overall, U.S. Atty., Tucson, AZ, M. Jocelyn Lopez Wright, U.S. Dept. of Justice, Immigration Litigation, Tucson, AZ, for Janet Reno, Doris Meissner, Mary Mulrean, Warren Christopher.

## ORDER

WILLIAM D. BROWNING, District Judge.

Pending before the Court is Defendant's January 21, 1997 Motion to Dismiss Plaintiffs' Amended Complaint. The issues raised in the Motion have been fully briefed and submitted to the Court for its consideration. A hearing was held on April 28, 1997. Having carefully reviewed the record, the Court will grant Defendant's Motion.

Nadine K. Wettstein, Anne F. Ward, Southern Arizona Legal Aid, Inc., Tucson, AZ, Robert Pauw, Robert H. Gibbs, Gibbs Houston Pauw, Seattle, WA, Gloria A. Goldman, Tucson, AZ, for Proyecto San Pablo.

Nadine K. Wettstein, Southern Arizona Legal Aid, Inc., Tucson, AZ, Robert Pauw, Robert H. Gibbs, Gibbs Houston Pauw, Seattle, WA, Gloria A. Goldman, Tucson, AZ, for Labor Immigrant Assistance.

Nadine K. Wettstein, Anne F. Ward, Southern Arizona Legal Aid, Inc., Tucson, AZ, Robert Pauw, Robert H. Gibbs, Gibbs Houston Pauw, Seattle, WA, for Labor Immi-

## I. Factual and Procedural Background

Plaintiffs' original complaint, filed August 17, 1989, consisted of eight claims which alleged that the Immigration and Naturalization Service ("INS") has enforced the Immigration Reform and Control Act ("IRCA") in an unlawful manner. Plaintiffs alleged that the INS interpretation of 8 U.S.C. § 1255a construes the statute more narrowly than Congress intended, limiting the number of aliens eligible for immigration amnesty. Plaintiffs also alleged that, in some circumstances, the practices and procedures followed by the INS in implementing its regulation result in infringement of

the constitutional and statutory rights of legalization applicants.

On August 21, 1991, this Court granted Plaintiffs' Motion for Partial Summary Judgment, on counts one through seven, and on December 19, 1991, the Court entered a judgment which enforced Plaintiffs' claims one through seven and dismissed claim eight to the extent it was not addressed in the Order. The INS appealed both of these Orders to the Ninth Circuit Court of Appeals. On November 20, 1995, the Ninth Circuit reversed both Orders of the district court for lack of jurisdiction and remanded the case to the district court to determine whether it has jurisdiction to consider the procedural arguments raised by the Plaintiffs. The Ninth Circuit memorandum states that:

it is unclear as to the reasons for the [district court's] order. If the district court ordered the changes to allow the aliens to present an adequate record for appeal, then the order was within the court's jurisdiction. If the order was issued solely to cause the INS to change its interpretation of 8 U.S.C. § 1255a(g)(2)(B)(i), then the order is invalid.

We therefore remand this issue to the district court. If the district court determines that certain procedures of the INS prevent an alien from establishing a proper record for appeal under the review scheme established by 8 U.S.C. § 1160(e), it has jurisdiction to enter orders to correct the problem. We decline to offer any opinions on the merits of such an order at this time.

*Proyecto San Pablo, et al. v. INS,* 70 F.3d 1279 Nos. 91–116620, 92–15153, 92–151599, (9th Cir. Nov. 20, 1995).

On November 18, 1996, after a hearing on Plaintiffs' Motion for Leave to Amend the Complaint, the Court issued a minute entry granting Plaintiffs leave to amend. In an Order dated December 6, 1996, the Court explained the legal rationale supporting the Court's decision. The Amended Complaint consists of twelve claims alleging that the procedures and practices followed by the INS in implementing IRCA result in infringement of the aliens' constitutional and statutory rights. Defendant filed this Motion to Dismiss on January 21, 1997. On February 12, 1997, the Court granted Defendant's Motion to Stay Discovery pending the resolution of the Motion to Dismiss.

## II. Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1)

### A. Standard for Dismissal for Lack of Subject Matter Jurisdiction

Subject matter jurisdiction is a threshold inquiry. Without subject matter jurisdiction, an action is improperly before the court and the merits will not be heard. *13 Wright & Miller, Federal Practice and Procedure* § 3522 (2d ed. 1984 & Supp.1997).

■ Because federal courts are courts of limited jurisdiction, a federal court is presumed to lack jurisdiction until the plaintiff affirmatively proves otherwise. *Stock West, Inc. v. Confederated Tribes of Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir.1989). The Plaintiff, therefore, always bears the burden of establishing the existence of subject matter jurisdiction. *Id.*

■ "In deciding the Rule 12(b)(1) motion the trial court may rely on affidavits and other evidence submitted in connection with the motion." *Berardinelli v. Castle & Cooke Inc.,* 587 F.2d 37, 39 (9th Cir.1978). "The district court is free to . . . resolv[e] factual disputes where necessary. In such circumstances, '[n]o presumptive truthfulness attaches to plaintiff's allegations and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Roberts v. Corrothers,* 812 F.2d 1173 (9th Cir.1987)(*quoting, Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir.1983)' (citations omitted)). Therefore, although complaints are to be construed liberally, argumentative inferences favorable to the pleader will not be drawn. *Stock West, Inc.,* 873 F.2d at 1225.

### B. Analysis

■ Under the statutory language of IRCA, the cases interpreting IRCA, and the law of this case, district courts lack jurisdiction to consider aliens' challenges to the

INS's interpretation of IRCA's substantive eligibility requirements because such claims are subject to the exclusive judicial review provision of the legalization program. *McNary v. Haitian Refugee Center, Inc.,* 498 U.S. 479, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991); *Reno v. Catholic Social Services, Inc.,* 509 U.S. 43, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993); *Naranjo–Aguilera v. I.N.S.,* 30 F.3d 1106 (9th Cir.1994); *Proyecto San Pablo v. INS,* Nos. 91–116620, 92–15153, 92–151599, slip op. at 4–7 (9th Cir. Nov. 20, 1995). However, district courts have jurisdiction over "collateral" procedural challenges to INS practices in the processing of applications, such as front desking in *Catholic Social Services* or the denial of interpreters in *McNary. Naranjo–Aguilera,* 30 F.3d at 1113. A claim is a collateral procedural challenge if the limited review scheme would be incapable of generating an administrative record adequate for judicial review. *Id.* "Jurisdiction of federal district courts could be invoked, as. in *McNary,* only when it is necessary to supplement or aid ultimate court of appeals review under section 1255a(f)(1)." *Ayuda, Inc. v. Reno,* 7 F.3d 246, 249, (D.C.Cir.1993).

In its opinion remanding this action, the Ninth Circuit stated two possible collateral procedural challenges that this Court should address: (1) INS procedure for accepting waivers, and (2) INS refusal to allow aliens access to their prior deportation files. *Proyecto San Pablo, et al. v. INS,* Nos. 91–116620, 92–15153, 92–151599, slip op. at 4–7 (9th Cir. Nov. 20, 1995). In addition, Plaintiffs alleged that INS procedures did not allow legalization applicants an opportunity to submit evidence into the record. Plaintiffs also added several new procedural claims including the INS procedure of issuing pretextual denials, the INS procedure of terminating lawful temporary resident status, and the INS procedure of terminating employment authorization and stays of deportation before denied applicants have been afforded judicial review.

### i. Opportunity to Submit Evidence into the Record

■ The INS process affords applicants several opportunities to submit evidence into the file: (1) the legalization application asks the applicant to list all absences from the United States since entry and the purpose of each trip; (2) prior to any denial by the Regional Processing Facility (the "RPF"), a Notice of Adverse Information is sent informing the applicant of a prior deportation in their record and advising them that they have thirty-days to rebut the adverse information before a decision will be made by the RPF; and (3) the RPF decision specifically states the grounds for denying the legalization application and informs the applicant that the Legalization Appeals Unit (the "LAU") will consider additional evidence in support of the appeal. These three opportunities to submit evidence into the record are sufficient to enable applicants to create an adequate record for review if the applicants have access to the necessary information.

### ii. Access to Prior Deportation Files

■ Plaintiffs' allege that legalization applicants do not have direct access to their prior deportation files. They claim they are prevented from establishing an adequate record for review because they are not properly notified that they must file a Freedom of Information Act/Privacy Act ("FOIPA") request to obtain copies of their files. The INS does require legalization applicants to access their files by filing a FOIPA request. In order to sufficiently preserve the agency's privileges under FOIPA, to maintain the integrity of its records, and to efficiently perform its duties, the INS has established a separate FOIPA office to handle all FOIPA requests for records maintained by the INS. Filing a FOIPA request merely requires the applicants to complete a one-page form, similar to other forms legalization applicants must complete to obtain copies of a variety of legal documents required for legalization. In addition, all the original named Plaintiffs who filed FOIPA requests received copies of their prior deportation files.

■ Plaintiffs also allege that the failure of the INS to notify legalization applicants of how to obtain copies of prior deportation files violates Due Process. Procedural due process requires only adequate notice and an opportunity to be heard. *Reid v. Engen,* 765 F.2d 1457, 1463 (9th Cir.1985).

The INS published in the Federal Register timely notice of the process necessary for legalization applicants to gain access to their records. *See* 8 C .F.R. § 103.21. "Publication in the Federal register is legally sufficient notice to all interested or affected persons regardless of actual knowledge or hardship resulting from ignorance." *Friends of Sierra R.R. v. ICC,* 881 F.2d 663, 667–68 (9th. Cir.1989). Therefore, the INS procedure for legalization applicants to access information in their .prior deportation files does not violate due process.[1]

### iii. INS's Procedure for Accepting Waivers

■ Plaintiffs contend that the absence of copies of their waiver applications in their files renders the record inadequate, and that they have a right to be notified of the availability of the IRCA waiver. However, Plaintiffs' legalization records adequately reflect their theory of waiver even without the inclusion of the waiver applications. The Plaintiffs' RPF denials, their briefs to the LAU, and their LAU denials all contain Plaintiffs' theory of their right to a waiver and the INS's rejection of that theory. Thus, because the waiver issue is preserved on the face of the denials the issue is properly preserved for appeal.

■ In addition, under the INS's interpretation of IRCA, Plaintiffs have no right to · be notified of the availability of the IRCA waiver. The regulation establishing an alien's right to be notified of the availability of waivers states: "If an alien is excludable *on grounds which may be waived* as set forth in this paragraph, he or she shall be advised of the procedures for applying for a waiver of grounds of excludability of Form I–690." 8 C.F.R. § 245a.2(k)(2) (emphasis added). However, the INS interpretation of the IRCA waiver is that the IRCA waiver cannot cure an applicant's failure to satisfy the continuous unlawful residency requirement due

to post–1981 departures while under an ·order for deportation. Therefore, IRCA waivers are not available to aliens who ·have "departed under an order of deportation" because under the INS interpretation this is not a "ground which may be waived."

Therefore, Plaintiffs' waiver challenge does not fall within the *McNary* exception because it is an issue which was presented to the LAU by Plaintiffs and has been preserved in the record for judicial review. Moreover, it is a claim which cannot be remedied by this Court because it is a substantive challenge to the INS interpretation of IRCA's substantive eligibility requirements. In addition, Plaintiffs have no right to be notified of the availability of the IRCA waiver unless the INS decides that the alien is excludable on grounds which may be waived. Thus, this issue amounts to a challenge of the INS interpretation of IRCA's substantive eligibility requirements and this Court lacks jurisdiction.

### iv. New Procedural Claims

#### (a) Pretext Denials

■ Plaintiffs allege that the denial of Jane F's legalization application was pretextual because she was never convicted· of a crime thus, there was no valid basis for the denial pursuant to 8 U.S.C. § 1182(a)(2)(C). However, ·pursuant ·to 8 U.S.C. § 1182(a)(2)(C), any alien who an·immigration officer has reason to believe is or has been ·an illicit trafficker in any controlled substances or has been a· knowing assister, abettor, conspirator, or colluder with others in the illicit trafficking in any controlled substance is excludable. Thus, an applicant may have his application for legalization denied under 8 U.S.C § 1182(a)(2)(C) without being convicted of a drug-related crime. ·The class definition in this case is: "those aliens who, at an INS legalization office located within the INS Western and· Northern· Regions of the United States, made · application · for

1. On May ·27, 1997 Plaintiff submitted a Notice of Supplemental Authority to support their argument that Defendants' failure to personally notify legalization applicants of how to obtain copies of prior deportation files violates Due Process. However, the case Plaintiffs relied on, *Perkins v. City of West Covina,* 113 F.3d 1004 (9th Cir. 1997), did not involve a notice published in the Federal Register. In addition, Plaintiff did not argue that the notice in the Federal Register in the present case was inadequate or failed to reasonably convey the required information required by the court in *Perkins.*

change of status under the IRCA; to whose application 8 U.S.C. § 1255(g)(2)(B)(i) was applied; and whose application was denied." (Order dated Aug. 21, 1991 at 1–2 (citing Order of Dec. 11, 1990)). Thus it is clear that Jane F's legalization denial was based on 8 U.S.C. § 1182(a)(2)(C) not 8 U.S.C. § 1255(g)(2)(B)(i) and she is not eligible to be a class member of this lawsuit. Therefore, there is no named Plaintiff with standing to allege the claim of pretext denials. In addition, Plaintiffs state that the record shows that Jane F. submitted documentation to demonstrate her innocence. Thus, there is an adequate record for review and this is not a collateral procedural claim. For these reasons the Court lacks jurisdiction over the claim of pretext denials.

### (b) Termination of Lawful Temporary Resident Status

■ Plaintiffs argue that Defendant failed to follow proper and lawful procedures in terminating the temporary lawful resident status of two newly named Plaintiffs, John L and John J. John L received a letter stating that the INS intended to terminate his lawful temporary resident status, but his status currently remains undetermined. Defendant argues that John L presents no case or controversy since his status has not yet been determined. John J's lawful temporary residence status was denied in 1990, seven years ago. Plaintiffs argue that the unlawful procedures have caused injury sufficient to satisfy standing requirements.

Plaintiffs have failed to clearly demonstrate that the legalization applicants whose lawful temporary resident status was terminated are unable to create an adequate record for appeal or that the Defendant's procedures in terminating lawful temporary resident status are not inescapably intertwined with INS's interpretation of the IRCA substantive eligibility requirements. Therefore, Plaintiffs have not met their burden of establishing the existence of jurisdiction on this claim.

### (c) Terminating Employment Authorization and Stays of Deportation

■ Plaintiffs allege that the INS procedure of terminating employment authoriza-

tion and stays of deportation before denied applicants have been afforded judicial review places an intolerable burden on the right to judicial review for applicants who then become ineligible for work authorization while they await the conclusion of judicial proceedings. The controversy on this issue involves two differing interpretations of "final determination" under this section. Defendant argues that a final administrative denial is a final determination and the alien resumes the legal status he had prior to applying for legalization, with no stay of deportation or work authorization. IRCA was carefully designed to protect the confidentiality of the legalization process and to limit the judicial review process to circumstances where the denied legalization applicant is independently apprehended by the INS and placed in deportation proceedings. The statute consistently refers to "determination" as one made at the administrative level. See 8 U.S.C. § 1255a(f)(3)(A) and (B). Plaintiffs argue that "final determination" exists only after judicial review, because judicial review is allowed in the section and the INS reading of the statute places an intolerable burden on the right to judicial review. It is clear from these arguments that this claim attacks the INS interpretation of IRCA's substantial eligibility requirements and thus this Court lacks jurisdiction over the claim.

### III. Conclusion

Accordingly, IT IS **ORDERED** that Defendant's January 21, 1997 Motion to Dismiss the Amended Complaint is **GRANTED**. IT IS FURTHER **ORDERED** that this case is **DISMISSED WITH PREJUDICE** and all pending motions are **DENIED** as moot.