**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RODOLFO PEDROZA-PADILLA,
                    *Petitioner,*

           v.

ALBERTO R. GONZALES, Attorney
General,
                    *Respondent.*

No. 03-74640

Agency No.
A27-620-873

ORDER AND
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 16, 2006
Submission Vacated October 6, 2006
Resubmitted January 18, 2007
Pasadena, California

Filed May 15, 2007

Before: Alex Kozinski, Diarmuid F. O'Scannlain, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge O'Scannlain

## COUNSEL

Barbara K. Strickland, San Deigo, California, argued the cause for the petitioner and filed briefs in support of the petitioner.

Erica B. Miles, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., argued the cause and filed a brief for the respondent. Peter D. Keisler, Assistant Attorney General, Civil Division, and Terri J. Scadron, Assistant Director, were on the brief. Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, and Erica B. Miles, Attorney, Office of Immigration Litigation, U.S. Department of Justice, filed a supplemental brief in support of the respondent.

## ORDER

Respondent's request for publication is GRANTED. The memorandum disposition, located at 2007 WL 295496 (9th Cir. Jan. 29, 2007), is withdrawn. A superseding opinion will be filed simultaneously with this Order. No further petitions for rehearing or rehearing en banc may be filed.

## OPINION

O'SCANNLAIN, Circuit Judge:

We must decide whether a waiver of inadmissibility under the Immigration Reform and Control Act also waives the legalization requirement that an alien have resided continuously in the United States since January 1, 1982.

I

A

Rodolfo Pedroza-Padilla ("Pedroza"), a Mexican national, first entered the United States without inspection in November 1980. Pedroza was subsequently ordered deported from the United States in 1984, was given until January 5, 1985 to depart voluntarily, but failed to depart until March 27, 1985. He subsequently reentered the United States, and on October 18, 1986, the Immigration and Naturalization Service ("INS") initiated deportation proceedings against Pedroza with an Order to Show Cause alleging that he had entered the United States without inspection in violation of 8 U.S.C. § 1251(a)(2) (1986). On October 30, 1986, an immigration judge ("IJ") granted Pedroza's motion to close his deportation proceeding administratively so that he could file for adjustment of status to that of an alien lawfully admitted for temporary residence pursuant to 8 U.S.C. § 1255a, which provides eligibility based

on, among other things, continuous residence in the United States since January 1, 1982.

On June 24, 1988, Pedroza's legalization application was denied by the Director, Western Service Center, of the INS. The Director reasoned that Pedroza could not demonstrate continuous residence within the meaning of 8 U.S.C. § 1225a(g)(2)(B)(i) because he had left the United States in 1985 under an order of deportation. Subsequent to this denial, the INS promulgated an implementing regulation stating that an alien shall be regarded as having resided continuously if, *inter alia*, "[the] alien's departure from the United States was not based on an order of deportation." C.F.R. § 245a.1(c)(1)(iii) (1991). When Pedroza's appeal finally reached the Administrative Appeals Office ("AAO") on December 31, 1997, the AAO noted that a challenge to this regulation as applied to aliens like Pedroza had recently been dismissed in *Proyecto San Pablo v. INS*, 4 F. Supp. 2d 881 (D. Ariz. 1997). It therefore dismissed his appeal.

On August 29, 2000, the INS filed a motion to recalendar Pedroza's deportation proceedings. Between the date of the LAU's denial of Pedroza's legalization petition and the INS' motion, however, we reversed the *Proyecto San Pablo* decision that the LAU had cited in denying his legalization application. *See Proyecto San Pablo v. INS*, 189 F.3d 1130 (9th Cir. 1999). Consequently, when Pedroza next appeared before the IJ on December 12, 2000, he argued that his deportation should be terminated on the grounds that he was a putative class member in the subsequently reinstated *Proyecto San Pablo* litigation.

On March 16, 2001, the district court in the *Proyecto San Pablo* litigation ordered the INS to "reopen and readjudicate all legalization applications," like Pedroza's, "previously denied on the basis of 8 U.S.C. § 1255a(g)(2)(B)(i)," and issued "a stay of removal . . . to all legalization applicants whose applications ha[d] been denied" on that basis. *Proyecto*

*San Pablo v. INS*, No. 89-00456-WDB, at \*5 (D. Ariz. Mar. 16, 2001) (order reopening class cases). Referencing that order, Pedroza again argued that his deportation proceeding should be terminated or administratively closed.

On August 8, 2002, the IJ rejected all of Pedroza's arguments. Finding Pedroza eligible for voluntary departure, however, the IJ gave him one year to leave the United States. He appealed the IJ's decision to the Board of Immigration Appeals ("BIA") which affirmed without opinion on November 18, 2003. Pedroza timely seeks review of that decision.

B

While Pedroza's appeal was pending here, he filed a motion for a supplemental stay of deportation. From that motion, we learned that Pedroza's legalization application had been reopened pursuant to *Proyecto San Pablo* and denied on May 12, 2005, by the AAO. After oral argument on August 16, 2006, we ordered supplemental briefing on whether we had jurisdiction to review the such denial.[1] On October 6, 2006, we vacated submission and ordered the parties to brief the merits of the AAO's May 12, 2005 denial.

II

**[1]** Pedroza first contends that the IJ improperly denied his application to suspend deportation proceedings by retroactively applying the stop-time rule of the Illegal Immigration Reform & Immigrant Responsibility Act of 1996, 8 U.S.C. § 1229b(d)(1), to his case. We reject Pedroza's argument. The language of the stop-time rule plainly indicates that it applies to a case such as Pedroza's. *Ram v. INS*, 243 F.3d 510, 516

---

[1]We conclude that we do have jurisdiction to review the May 12, 2005, denial under 8 U.S.C. § 1244a(f)(4), permitting judicial review of denials of legalization applications in conjunction with judicial review of an order of deportation.

(9th Cir. 2001). Also, we are satisfied that application of the stop-time rule in this instance is not unconstitutionally retro-active after *INS v. St. Cyr*, 533 U.S. 289 (2001). *See Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 602 (9th Cir. 2002).[2]

### III

**[2]** Pedroza next contends that the May 12, 2005 denial of his legalization application by the AAO was an abuse of discretion. A legalization applicant must establish that he: (1) applied for legalization during a twelve month period beginning May 5, 1987; (2) resided unlawfully in the United States continuously since at least January 1, 1982; (3) has been physically present in the United States continuously since November 6, 1986; and (4) is otherwise admissible as an immigrant. *See Proyecto San Pablo*, 189 F.3d at 1134 (citing 8 U.S.C. §§ 1255a(a)(1)-(4)).

**[3]** The AAO held that because Pedroza was deported from the United States on March 27, 1985, a waiver of inadmissibility was useless to him. In short, the AAO determined that even if he received such waiver, he would continue to be ineligible for legalization because he had not resided continuously in the United States since at least January 1, 1982. *See* 8 U.S.C. § 1255a(g)(2)(B)(i). The AAO explained:

> Congress set forth, at section 245A(d)(2) of the Act, [8 U.S.C. § 1255a(d)(2),] a provision to waive certain *grounds of inadmissibility* under section 212(a) of the Act[, 8 U.S.C. § 1182(a)]. Section 245A(g)(2) of the Act, concerning *continuous residence*, is a separate section unrelated to the waiver provisions. Congress provided no relief in the legalization program for failure to maintain continuous residence

---

[2]Petitioner's argument that the IJ should have terminated the removal proceedings because he had a legalization application pending is now moot because his legalization application has been reopened and denied.

due to a departure under an order of deportation. Relief is provided in the Act for absences based on factors other than deportation, specifically absences that were prolonged due to emergencies and absences approved under the advance parole provisions. Clearly, with respect to maintenance of continuous residence, it was not congressional intent to provide relief for absences under an order of deportation. While the applicant's failure to maintain continuous residence, and his inadmissibility for having been deported and having returned without authorization, both stem from the deportation, a waiver is possible only for the inadmissibility under section 212(a)(9)(A)(ii)(II).

We agree with the foregoing analysis that nothing in the statute compels Pedroza's argument that continuous residence may be waived.[3]

[4] In any event, there is a logical basis for the AAO's reading of the statute, namely that aliens deported prior to January 1, 1982 are inadmissible because of the deportation, yet eligible for legalization under *Proyecto San Pablo*, 189 F.3d at 1134, and therefore potentially deserving of a waiver of inadmissibility. Because there was no showing of continuous residence to qualify for legalization, there was no abuse of discretion in the AAO's determination and we thus also deny petitioner's motion for stay of removal.

**PETITION DENIED.**

---

[3]Petitioner raises several issues in this appeal that were not properly raised before the agency. While we deny the government's motion to strike parts of petitioner's brief, we do not reach the merits of these new issues because "[f]ailure to raise an issue below constitutes failure to exhaust administrative remedies and 'deprives this court of jurisdiction to hear the matter.' " *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir. 1997) (quoting *Vargas v. INS*, 831 F.2d 906, 907 (9th Cir. 1987)).