**Asmeret AFEWORKI, Petitioner,**

v.

**Michael B. MUKASEY,* Attorney General, Respondent.**

No. 04–74149.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2008.**

Filed March 18, 2008.

Samuel Patrick Ouya Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Suzanne J. Moore, USSL–Office of the U.S. Attorney, Eastern District of Missouri, St. Louis, MO, Briena L. Strippoli, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, RYMER, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Petitioner Asmeret Afeworki (Afeworki) petitions for review of the denial of her application for asylum, withholding of re-

---

* Michael B. Mukasey is substituted for his predecessor Alberto R. Gonzales as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provid-

moval and relief under the Convention Against Torture (CAT).

Afeworki's presentation of fraudulent documents to support her assertion that she was of Eritrean descent, coupled with her inconsistent testimony regarding the procurement of those documents, constitute substantial evidence supporting the Immigration Judge's adverse credibility finding and the denial of Afeworki's requests for asylum and withholding of removal. *See Akinmade v. I.N.S.,* 196 F.3d 951, 955–56 (9th Cir.1999) (explaining that false documents submitted to establish the elements of an asylum claim may support an adverse credibility determination); *see also Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (affirming the denial of asylum and withholding of removal where adverse credibility determination supported by substantial evidence).

Because Afeworki's CAT claim is "based on the same statements ... that the [Board of Immigration Appeals] determined to be not credible" we "must ... affirm the rejection of [Afeworki's] claim under the [CAT]." *Id.* at 1157.

Afeworki's failure to raise her claim for relief on humanitarian grounds before the Board of Immigration Appeals "constitutes failure to exhaust administrative remedies and deprives [us] of jurisdiction to hear the matter." *Pedroza–Padilla v. Gonzales,* 486 F.3d 1362, 1365 n. 3 (9th Cir.2007) (citation, and internal quotation marks omitted).

**PETITION DENIED.**