*566 MEMORANDUM **
United States Citizen and Immigration Services (“USCIS”) appeals from the district court’s June 4, 2007 Order requiring it to comply with its March 27, 2001 Judgment and Order compelling adjudication of plaintiff-class members’ applications for waivers of inadmissibility pursuant to the Immigration Reform and Control Act of 1986 (“Reform Act”), and production of the class members’ complete prior deportation files. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
USCIS argues that the district court did not have jurisdiction to issue the June 2007 Order because the Reform Act vests jurisdiction to review substantive eligibility determinations solely in the circuit courts following an order of deportation. However, the district court’s March 2001 Judgment and Order, from which USCIS did not appeal, required USCIS to adjudicate Reform Act waiver applications on their merits. This adjudication must be separate from the adjudication of the applicant’s legalization application. See Matter of P-, 19 I. & N. Dec. 823, 824 (BIA 1988) (“Each application should be adjudicated separately since the applicant has the right to appeal from an adverse decision of either application.”). The district court properly concluded that USCIS, when it simply denied waiver applications on futility grounds, failed to comply with its March 2001 Judgment and Order requiring it to consider each waiver application on its merits in the same manner as it adjudicates non-class members’ waiver applications.
Our decision in Pedroza-Padilla v. Gonzales, 486 F.3d 1362 (9th Cir.2007), does not support USCIS’s position. There the Administrative Appeals Office considered Pedroza-Padilla’s legalization application, denied it for failure to meet the continuous residency requirement, and we affirmed because “nothing in the statute compels Pedroza’s argument that continuous residence may be waived.” Id. at 1365. We did not reach whether an applicant is procedurally entitled to adjudication of waiver eligibility.
Therefore, the district court’s requirement that USCIS adjudicate waiver applications on the merits, merely clarifies and enforces its 2001 Judgment and Order. It does not constitute review of the decisions USCIS reaches on the merits. The district court has jurisdiction to issue such an order in aid of its jurisdiction. See 28 U.S.C. § 1651.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.