**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LUIS FELIPE PEREZ,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　　Respondent. | No. 06-74403<br><br>Agency No. A018-832-080<br><br><br>MEMORANDUM[*] |
| LUIS FELIPE PEREZ,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　　Respondent. | No. 08-74373<br><br>Agency No. A018-832-080 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

　　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted December 10, 2010[**]
San Francisco, California

Before: HAWKINS and N.R. SMITH, Circuit Judges, and PRO, District Judge.[***]

Luis Felipe Perez, a native and citizen of Panama, petitions the court to review the decisions of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) reopening of Perez's deportation hearing, pretermitting Perez's application for suspension of deportation, and cancelling Perez's withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1252(a) and we deny the petitions.

1.    The BIA did not err in allowing the government to file more than one motion to reopen. By its unambiguous language, 8 C.F.R. § 1003.23 (which governs motions to reopen) exempts the government from "time and numerical limitations" on motions to reopen "by the Service in removal proceedings pursuant to section 240 of the Act." § 1003.23(b)(1); *cf. Dada v. Mukasey*, 554 U.S. 1, 13 (2008) (discussing the limitations placed on motions to reopen due to aliens

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation.

abusing the procedure to delay proceedings). The removal proceedings in this case were brought "pursuant to section 240 of the Act." *See* 8 U.S.C. §§ 1229–1229c.[1]

2. The BIA also correctly held that res judicata and issue preclusion did not bar the government's second motion to reopen. The use of a conviction which was available in previous removal proceedings, but not used, is not barred by res judicata when it is combined with new convictions in new proceedings. *Poblete Mendoza v. Holder*, 606 F.3d 1137, 1141 (9th Cir. 2010). Similarly, additional charges may be added to a case where there has been no final order of removal. *Valencia-Alvarez v. Gonzales*, 469 F.3d 1319, 1324 (9th Cir. 2006); *see also* 8 C.F.R. § 1030.30 ("At any time during deportation or removal proceedings, additional or substituted charges of deportability and/or factual allegations may be lodged by the Service in writing."). Because the government may use convictions available in previous proceedings (as in *Poblete Mendoza*), add charges at any time (as in *Valencia-Alvarez*), and bring as many motions to reopen as necessary, then, a

---

[1] Perez's claim that the regulations prohibit bringing a motion to reopen based on previously available evidence is also unavailing because his drug trafficking conviction was not previously available at his deportation hearing. The use of a conviction which was available at the time of filing a previous motion, but not before a previous *hearing*, is not barred by the regulations. *See* 8 C.F.R. § 1003.23(b)(3); *Malty v. Ashcroft*, 381 F.3d 942, 946 (9th Cir. 2004).

3

fortiori, basing a second motion to reopen on evidence available in prior motions does not trigger res judicata.

Similar to res judicata, Perez's assertion of issue preclusion must also fail, because the basis for the government's second motion to reopen (the drug trafficking charges) had not been determined in any prior action. Instead, the government correctly sought to add the drug trafficking charges to the pending action. *See Valencia-Alvarez*, 469 F.3d at 1323 n.6.

3.     The BIA did not err in holding that neither equitable estoppel nor laches prevents the government from moving to reopen. Perez points to no evidence demonstrating affirmative misconduct on the part of the government, which is necessary to apply equitable estoppel. *See Cortez-Felipe v. INS*, 245 F.3d 1054, 1057 (9th Cir. 2001). "Mere unexplained delay does not show misconduct." *Jaa v. INS*, 779 F.2d 569, 572 (9th Cir. 1986); *see also Morgan v. Gonzales*, 495 F.3d 1084, 1092 (9th Cir. 2007). Thus, because Perez alleges no more than unexplained delay, equitable estoppel does not bar the government's second motion to reopen.

Regarding laches, "[t]he traditional rule is that the doctrine of laches is not available against the government . . . .  Even if there were some allowance for laches against the government, there is no reason why that doctrine should not be

4

subject to at least the same strictures as estoppel." *U.S. v. Ruby Co.*, 588 F.2d 697, 705 n.10 (9th Cir. 1978). Thus, because equitable estoppel is not available to Perez, laches is not available to him either.

4. The stop-time rule is not impermissibly retroactive to Perez. Prior to the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) going into effect on April 1, 1997, Perez must have accrued ten years continuous physical presence in the United States to qualify for suspension of deportation, because he was convicted of drug trafficking. *See* 8 U.S.C. § 1254(a)(2) (1994). Only physical presence "immediately following the commission of an act, or the assumption of a status, constituting a ground for deportation" could count toward his required ten years. *Id.* Once IIRIRA came into effect, its "stop-time rule" barred the counting of any time after the service of an Order to Show Cause towards the "continuous physical presence" requirement. 8 U.S.C. § 1229b(d)(1); *see also Ram v. INS*, 243 F.3d 510, 513-14 & n.5 (9th Cir. 2001). Congress intended the stop-time rule to apply to proceedings commenced prior to IIRIRA, and its retroactive application does not violate due process. *Ram*, 243 F.3d at 517; *Pedroza-Padilla v. Gonzales*, 486 F.3d 1362, 1364 (9th Cir. 2007).

Thus, in order to be eligible for suspension of deportation, Perez had to accrue ten years of physical presence in the United States prior to April 1, 1997,

5

(when IIRIRA went into effect) but after the "commission of an act, or the assumption of a status, constituting a ground for deportation." 8 U.S.C. § 1254(a)(2) (1994). Perez was five weeks short of the necessary ten years, because he "assumed the status" of being convicted of a controlled substance offense when he pleaded guilty to the drug trafficking charges on May 8, 1987. *See Flores-Arellano v. INS*, 5 F.3d 360, 363 n.6 (9th Cir. 1993) ("[B]ecause ten years have not elapsed since the conviction rendering Flores deportable under section 241(a)(2)(B)(i), he is statutorily ineligible for suspension of deportation."). Thus, under former § 1254(a)(2), Perez's time began to run at the date of his conviction and he did not reach the necessary ten years physical presence before the stop-time rule became applicable. Therefore, the stop-time rule is not impermissibly retroactive as to Perez, *see Otarola v. INS*, 270 F.3d 1272, 1277 (9th Cir. 2001) (distinguishing *Ram* and granting the petition where the applicant had met the seven-year physical presense requirement before the effective date of IIRIRA), and the BIA did not err in pretermitting Perez's application for suspension of deportation.

PETITIONS DENIED.

6