**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOUNG PYO KIM,<br><br>    Petitioner,<br><br> v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 05-71233<br><br>Agency No. A096-214-117<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:  LEAVY, PAEZ, and BEA, Circuit Judges.

  Young Pyo Kim, a native and citizen of South Korea, petitions for review of

the Board of Immigration Appeals' order summarily affirming an immigration

judge's ("IJ") decision denying his motion for a continuance and ordering him

removed. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

questions of law, *Vasquez de Alcantar v. Holder*, 645 F.3d 1097, 1099 (9th Cir. 2011), and we deny in part and dismiss in part the petition for review.

The IJ properly found Kim removable under 8 U.S.C. § 1227(a)(1)(B) because he remained in the United States after the expiration of his business visitor visa. Contrary to Kim's contention, his filing of an application for adjustment of status did not render his continued presence lawful. *See id.* at 1102-03 (filing an adjustment application does not legalize an alien's presence or confer any status). It follows that the initiation of removal proceedings against Kim did not violate his right to due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to show a due process violation).

Kim contends that the IJ abused her discretion and violated due process by denying his request for a continuance pending adjudication of the I-130 immigrant visa petition filed on his behalf. The government, however, has submitted a status report stating that Kim's visa petition has been denied. We must therefore dismiss this portion of the petition for review as moot. *See Pedroza-Padilla v. Gonzales*, 486 F.3d 1362, 1364 n.2 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**