FILED

DEC 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YANET PRADO-BACILLO, AKA Yanet Bacillo Prado,<br><br>          Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>          Respondent. | No. 13-70951<br><br>Agency No. A059-926-129<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Yanet Prado-Bacillo, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying her motion for remand

and dismissing her appeal from an immigration judge's ("IJ") decision denying her

request for a continuance and entering an order of removal.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for abuse of discretion both the denial of a motion for a continuance, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008), and the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1097-98 (9th Cir. 2005). We review de novo constitutional claims. *Sandoval-Luna*, 526 F.3d 1246. We deny the petition for review.

Prado-Bacillo sought a continuance in order to marry her United States citizen fiancé and apply for adjustment of status, but Prado-Bacillo's fiancé is now deceased. Accordingly, Prado-Bacillo's challenges to the agency's denial of a continuance to pursue adjustment of status are moot. *See Pedroza-Padilla v. Gonzales*, 486 F.3d 1362, 1364 n.2 (9th Cir. 2007); *see also United States v. Strong*, 489 F.3d 1055, 1059 (9th Cir. 2007) ("An appeal is moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant." (citation and internal quotation marks omitted)).

Contrary to Prado-Bacillo's contention, her claim that she is now eligible for a U visa or prosecutorial discretion did not render the IJ's denial of a continuance an abuse of discretion or due process violation, because Prado-Bacillo did not assert to the IJ that she was eligible for such relief. *See Sandoval-Luna*, 526 F.3d at 1247 (no abuse of discretion by denying a motion for a continuance where the

relief sought was not immediately available to petitioner); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

To the extent Prado-Bacillo challenges the BIA's denial of a remand, the BIA did not abuse its discretion or violate due process in declining to remand to the IJ to allow Prado-Bacillo to apply for U visa relief or prosecutorial discretion, because Prado-Bacillo submitted no evidence to establish prima facie eligibility for such relief. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) ("Aliens who seek to remand or reopen proceedings to pursue relief bear a heavy burden of proving that, if proceedings were reopened, the new evidence would likely change the result in the case." (citation and internal quotation marks omitted)); *Matter of Sanchez Sosa*, 25 I. & N. Dec. 807, 812-16 (BIA 2012) (discussing how a petitioner may establish prima facie eligibility for a U visa such that a continuance or remand might be warranted); *Lata*, 204 F.3d at 1246.

**PETITION FOR REVIEW DENIED.**

13-70951