**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BELEN ACEVEDO, | No. 20-56318 |
| Plaintiff-Appellant, | D.C. No. 8:20-cv-01153-DOC-JDE |
| v. | |
| C & S PLAZA LIMITED LIABILITY COMPANY, a California Limited Liability Company; FABRIC OUTLET AND CRAFTS, INC., a California Corporation, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted October 20, 2021[**]
Pasadena, California

Before: CALLAHAN and FORREST, Circuit Judges, and AMON,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

Belen Acevedo appeals the district court's order dismissing her Americans with Disabilities Act ("ADA") action against C & S Plaza Limited Liability Company and Fabric Outlet and Crafts, Inc. (collectively, "C & S Plaza") under Rule 12(b)(1) for lack of subject matter jurisdiction. We review the district court's decision de novo. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1040 n.4 (9th Cir. 2004). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

The district court erred in dismissing Acevedo's First Amended Complaint ("FAC") asserting an ADA claim on jurisdictional grounds based on its assessment of extrinsic evidence going to the merits of the claim. To contest a plaintiff's showing of subject matter jurisdiction, a defendant may file two types of Rule 12(b)(1) motions: a facial attack, which challenges jurisdiction "facially," by arguing the complaint "on its face" lacks jurisdiction, or a "factual" attack, by presenting extrinsic evidence (affidavits, etc.) demonstrating the lack of jurisdiction on the facts of the case. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Here, as the parties agree, C & S Plaza mounted a "factual" attack on jurisdiction.

Because jurisdictional fact-finding by the court "deprives litigants of the protections otherwise afforded by Rule 56," there are limits imposed upon the power of the court in reviewing a factual attack under Rule 12(b)(1). *Sun Valley*

*Gasoline, Inc. v. Ernst Enter., Inc.*, 711 F.2d 138, 139 (9th Cir. 1983). Where a jurisdictional issue is separable from the merits of a case, a court applies Rule 12(b)(1)'s standards and is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, and make findings of fact concerning the existence of jurisdiction. *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987). Under this approach, the plaintiff retains the burden to establish the court's subject matter jurisdiction. *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009).

However, a court may not decide genuinely disputed facts where "the question of jurisdiction is dependent on the resolution of factual issues going to the merits." *Safe Air*, 373 F.3d at 1039 (internal quotations and citations omitted); *Rosales*, 824 F.2d at 803. In such a situation, the court assumes the truth of the allegations in a complaint unless controverted by undisputed facts in the record. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). The court may grant the motion to dismiss only if, viewing the evidence in the light most favorable to the non-movant, the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Rosales*, 824 F.2d at 803; *Suzuki Motor Corp. v. Consumers Union of United States, Inc.*, 330 F.3d 1110, 1131–32 (9th Cir. 2003) (en banc). Otherwise, the intertwined jurisdictional facts must be resolved at trial or by summary judgment. *Rosales*, 824 F.2d at 803.

"The question of jurisdiction and the merits of an action are intertwined where 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'" *Safe Air*, 373 F.3d at 1039 (quoting *Sun Valley*, 711 F.2d at 139). Contrary to C & S Plaza's assertions, we conclude that jurisdictional findings are inappropriate here because Title III of the ADA provides both federal subject matter jurisdiction and the basis for a claim for relief. *See* 42 U.S.C. § 12182(a). Acevedo's FAC alleges that C & S Plaza failed to provide accessible paths of travel in conformance with the ADA such that it denied Acevedo full and equal treatment because of her disability. Jurisdiction is dependent on the resolution of factual issues going to the merits.

Even construing the district court's order not as a Rule 12(b)(1) dismissal for lack of subject matter jurisdiction, but as a Rule 56 dismissal on summary judgment, and reviewing the ruling de novo to determine whether a genuine dispute of material fact exists, *Safe Air*, 373 F.3d at 1040 & n.4, we conclude that there exists a genuine dispute of material fact. The FAC alleges that: (a) Acevedo "found that she could not gain access to the numerous areas of the store because the path of travel in an [sic] throughout merchandise aisles was so cramped, narrow and stocked with items…"; (b) on June 4, 2020, her investigator visited the store and "found 14 different locations where the path of travel through the merchandise aisles measured less than 23 inches…"; and (c) the ADA requires

4

"36-inches of minimum clear width" (in some instances 32 inches for short distances) such that accessible paths of travel have not been provided in conformance with the ADA. The FAC attaches investigator photos of the observed aisle widths.

The extrinsic evidence offered by C & S Plaza disputes the facts as alleged in the FAC. Mr. Zukotynski declared that since 1998 his store has had "ADA-compliant widths of 36-inch and 44-inch aisle travel paths." His declaration authenticates photographs which he contends depict the store's aisles as they have existed since 1998. The report from a July 25, 2020, inspection concludes that "[a]ll aisles were found to be compliant at 44" minimum where products are displayed at both sides and 36" minimum where products are displayed at one side."

However, C & S Plaza's proffer does not show compliance with ADA standards as a matter of law.[1] A reasonable fact finder could conclude, notwithstanding C & S Plaza's declaration, photos, and inspector's opinion, that the aisle widths at the store do in fact violate the ADA, or that the alleged violations, if currently remedied, are likely to recur in the future. *See Kalani v. Starbucks Corp.*, 81 F. Supp. 3d 876, 882–83 (N.D. Cal. 2015), *aff'd sub nom.*

---

[1] Given this, we need not address C & S Plaza's argument in the alternative that any alleged store aisle obstruction was of an isolated and temporary nature under 28 C.F.R. § 36.211.

5

*Kalani v. Starbucks Coffee Co.*, 698 F. App'x 883 (9th Cir. 2017) ("Conclusory opinions that the 'facility is free of non-compliant issues,' or that particular features, e.g., the accessible parking or point of sale, 'comply with all applicable access requirements,'" are "an insufficient basis on which to grant summary judgment."). Accordingly, we find a genuine dispute of material fact exists such that the district court erred in weighing the evidence to resolve this dispute on a Rule 12(b)(1) motion.[2]

**VACATED AND REMANDED.**[3]

---

[2] C & S Plaza is not precluded from filing a summary judgment motion on these issues under Rule 56 following further discovery. S*ee Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) (holding that a district court has discretion to permit successive motions for summary judgment under Rule 56, and that such a successive motion is particularly appropriate on an expanded factual record).

[3] The district court's rejection of supplemental jurisdiction over Acevedo's state law claims is also vacated as derivative of its ruling on Acevedo's ADA claim.